IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KAREN UNGER, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>RALPH SMITH COMPANY, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO BIFURCATE<br><br><br><br>Case No. 1:08-CV-118 TS |

In this personal injury diversity case, Defendants move to bifurcate the trial on the liability and damages phrases on the ground that it will avoid prejudice because the jury is likely to be sympathetic to the extent of Plaintiffs' injuries.

Plaintiffs oppose bifurcation on the grounds that bifurcation is disfavored under the Federal Rules of Civil Procedure, bifurcation is not convenient where they must travel from out of state for the trial, and it will increase rather than decrease costs.

The Court previously examined bifurcation under Fed. R. Civ. P. 42(b) in *Sensitron, Inc. v. Wallace*,[1]

---

[1] 504 F.Supp.2d 1180 (D. Utah 2007).

1

Under Fed. R. Civ. P. 42(b), a court "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim." A trial court has broad discretion in any decision relating to bifurcation. However, the presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the defendant to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.

Moreover, some cases suggest that a court should consider the following factors in making its determination: (1) judicial economy, (2) convenience to the parties, (3) expedition, and (4) avoidance of prejudice and confusion.[2]

The Court finds that Defendants have not met their burden of showing that bifurcation should be allowed. The factors that Defendants advance are present in every personal injury case. It is therefore

ORDERED that Defendants' Motion to Bifurcate (Docket No. 53) is DENIED.

DATED October 7, 2010.

BY THE COURT:

TED STEWART
United States District Judge

---

[2] *Id*. at 1186 (footnotes and citations omitted).