IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KAREN UNGER, et al., Plaintiffs, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |
| vs. | |
| RALPH SMITH COMPANY, et al., Defendants. | Case No. 1:08-CV-118 TS |

Defendants object to Plaintiff's Requests for Admissions and move for a protective order on the grounds that they constitute untimely discovery. Defendants unilaterally determined that they need not comply with the requirement that they have in good faith conferred or attempted to confer with Plaintiffs before filing the present motion for a protective order.

Plaintiffs argue that the Requests are not discovery but are a format to narrow the issues at trial, especially as Plaintiffs believe that the total costs of Plaintiffs' medical treatment and the reasonableness of those charges are not disputed. Plaintiffs further argue that if Defendant had complied with the meet and confer requirement, the

1

undisputed facts could have been determined without the necessity of the present motion.

The Court will deny the Motion for a Protective Order because Defendants failed to comply with the requirements of Fed. R. Civ. P. 26(c)(1) for seeking a protective order. Under that rule, Defendants must include in their motion "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[1] Defendants proffer that they need not comply because "it would be futile, as there is a dispute as to whether the requests must be answered."[2]

The Court finds that such alleged futility does not excuse compliance with Rule 26(c)(1) because all requests for a protective order arise from a dispute over whether the affected parties should provide the discovery sought. If the Requests for Admissions constitute discovery, the certification requirement of Rule 26(c)(1) applies. If not, there is no grounds for the objection.

Further, the Court notes that the Trial Order[3] and the Local Rules[4] require the parties to have conferred and to submit their undisputed facts. Thus, if the parties do not address the matter of undisputed facts in the form of the Request for Admissions, they will still need to address the matter.

---

[1] Fed. R. Civ. P. 26(c)(1).

[2] *See* Pl.s' Mem. at 3.

[3] *See* Docket No. 71 at 2 ¶ 2(a).

[4] DUCivR16-1(c), (d), and (e) (requiring counsel to met and prepare pretrial order in conformance with form set forth in Appendix IV, including uncontroverted facts).

It is therefore

ORDERED that Defendants' Motion for a Protective Order (Docket No. 60) is DENIED.

DATED October 7, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge